# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## DOCKET NO. 3:07-CR-79-FDW-6

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| RUBEN ORTIZ BARRAZA, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

NOW BEFORE THE COURT is Defendant's motion for a new trial pursuant to Fed. R. Crim. P. 33(a) (Doc. No. 291) on the purported grounds of newly discovered evidence. Two days after he filed this motion, but prior to this Court's ruling, Defendant noted an appeal of the Court's judgment through his counsel.

Under Rule 33(b)(1), "[a]ny motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict." But, "[i]f an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case." Fed. R. Crim. P. 33(b)(1). The Supreme Court has stated that, pursuant to Rule 33, where a defendant files a post-conviction motion for a new trial during the pendency of his direct appeal, "[t]he District Court ha[s] jurisdiction to entertain the motion and either deny the motion on its merits or certify its intention to grant the motion to the Court of Appeals, which could then entertain a motion to remand the case." United States v. Cronic, 466 U.S. 648, 667 n. 42 (1984).

In determining whether a new trial should be granted under Rule 33 on the basis of newly discovered evidence, the Fourth Circuit utilizes a five-part test: (i) is the evidence, in fact, newly discovered; (ii) are facts alleged from which the court may infer due diligence on the part of the

movant; (iii) is the evidence relied upon not merely cumulative or impeaching; (iv) is the evidence material to the issues involved; and (v) would the evidence probably result in acquittal at a new trial? United States v. Chavis, 880 F.2d 788, 793 (4th Cir. 1989). In this case, Defendant has failed to make even a threshold showing. Specifically, the claimed "newly discovered evidence" regarding the veracity of co-defendant Juan Garza's debriefing was disclosed to defense counsel in a series of emails from the Assistant United States Attorney prior to Defendant's trial. Furthermore, any testimony that Mr. Garza could provide at a retrial is at best characterized as impeaching, and in fact is more likely to be inculpatory against the Defendant.

For these reasons, Defendant's motion for a new trial is DENIED.

IT IS SO ORDERED.

Signed: March 13, 2009

Frank D. Whitney
United States District Judge