UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:07-cr-00079-FDW

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| (6) RUBEN ORTIZ BARRAZA, | ) | |
| | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on Defendant Ruben Ortiz Barraza's Motion for Compassionate Release pursuant to 18 U.S.C § 3582(c) (Doc. No. 454), Motion to Appoint Counsel (Doc. No. 459), and Motion to Supplement (Doc. No. 462). For the reasons which follow, Defendant's Motion for Compassionate Release is DENIED, Defendant's Motion for Appointment of Counsel is DENIED, and Defendant's Motion to Supplement was GRANTED.

**I.  BACKGROUND**

On March 11, 2008, Defendant was found guilty of conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and possession with intent to distribute marijuana and aiding and abetting the same, in violation of 21 U.S.C. §§ 841(a)(1) and 2. (Doc. No. 276, p. 1). Based on investigative information, a total of 4,790.45 kilograms of marijuana could be attributed to Defendant. (Doc. No. 458, p. 2).

Defendant was sentenced to a within-guidelines sentence of 290 months of imprisonment on February 25, 2009. (Doc. No. 276, p. 2). On March 14, 2009, his sentence was reduced to 233 months pursuant to the retroactive application of the 2014 amendment to the drug quantity

1

guidelines. (Doc. No. 439). Defendant has served slightly over 156 months (67%) of his sentence, and his current projected release date is March 31, 2024.

Defendant is 46 years old and the government concedes he has Type II diabetes. (Doc. No. 458, p. 2). The Guide to Judiciary Policy, Vol 8E (Supervision of Federal Offenders (Monograph 109)), indicates that an additional term of supervised release is ordinarily not to be recommended when the cumulative prison time to be served equals or exceeds the maximum prison term set forth at 18 U.S.C. 3583(e)(3). On May 2, 2020, Defendant tested positive for COVID-19, despite being asymptomatic, and was placed in isolation. (Doc. No. 460-2, p. 11). Defendant's medical records indicate that he remained asymptomatic throughout his period of isolation. (Doc. No. 460-2, p. 14). On June 1, 2020, Defendant met CDC criteria for release from isolation after being asymptomatic for 14 consecutive days. Id. He was classified as meeting CDC criteria for release from isolation on June 11, 2020. Id.

On June 24, 2020, after being released from COVID-19 isolation and classified as recovered, Defendant filed a motion with this Court seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) on the ground that he "is at risk for COVID-19 exposure" due to his age and diabetes. (Doc. No. 454).

## II.  DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

In his Motion for Compassionate Release, Defendant cites the COVID-19 coronavirus pandemic, the inability to socially distance, along with his age factor and diabetic medical condition as reasons for his immediate release to home confinement. (Doc. No. 454). The Government argues Defendant's request should be denied because the Defendant has failed to

2

demonstrate that he is not a danger to the safety of the community or otherwise merits release under § 3553(a) factors. (Doc. No. 458, p. 11).

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act, provides that the court may *not* modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)…[1]

18 U.S.C. § 3582(c)(1)(A).

In addition to satisfying subsections (i) or (ii), the reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission…." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's policy statement with regard to compassionate release is set forth in U.S. Sentencing Guidelines § 1B1.13. The Policy recognizes the following extraordinary and compelling reasons:

> (A) Medical Condition of the Defendant –
>     (i) The defendant is suffering from a terminal illness (i.e., a serious physical

---

[1] Addressing factors to reasonably assure the appearance of the person as required and the safety of any other person and the community.

    and advanced illness with an end of life trajectory)….
    (ii) The defendant is –
     (I) suffering from a serious physical or medical condition,
     (II) suffering from a serious functional or cognitive impairment, or
     (III) experiencing deteriorating physical or mental health because of the aging process,
    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
  (B) Age of the Defendant – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
  (C) Family Circumstances.
    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
  (D) Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in a combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, application note 1; see also 28 U.S.C. § 994(t) (authorizing the Commission to describe what should be considered extraordinary and compelling reasons for sentence reduction). Rehabilitation, by itself, is not an extraordinary and compelling reason for sentence reduction. 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13, application note 3. Additional factors the court must consider when reducing sentences include "(2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g) and (3) the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13(2)-(3).

  As a preliminary matter, the Court must consider whether release is warranted given the applicable § 3553(a) factors. See 18 U.S.C. § 3582(c)(1)(A). These factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment of the offense, (B) to afford adequate deterrence, (C) to protect

the public from further crimes committed by the defendant, and (D) to provide the defendant with educational or vocational training, medical care, or other treatment; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for the applicable category of offense or defendant; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

The United States argues Defendant has failed to demonstrate the existence of "extraordinary and compelling reasons" supporting his motion pursuant to § 3582(c)(1)(A)(i).[2] Presuming without deciding that Defendant has demonstrated the existence of extraordinary and compelling reasons, the Court proceeds to the § 3553(a) inquiry.

Defendant committed and was convicted of a serious drug offense by possessing and conspiring to possess with intent to distribute marijuana. (Doc. No. 276). Large-scale, sophisticated trafficking conspiracies are inherently serious and threatening to the stability of the community, and Defendant was a leader of a conspiracy to which he could be attributed with 4,790.95 kilograms of marijuana. (Doc. No. 458, p 12). Although, there was no evidence of violence used during the conspiracy, agents recovered firearms from vehicles used in the trafficking conspiracy and from the residences of some of Defendant's co-conspirators. (Doc. No. 458, p 12). In accordance with 18 U.S.C. § 3553(a)(1), the Court must consider the nature and circumstances of the offense and the history and characteristics of the defendant prior to granting compassionate release. See 18 U.S.C. § 3582(c)(1). The Court recognizes the seriousness of Defendant's offense, the necessity to provide just punishment, and Defendant's persistence of drug dealing, both in his initial act and in the violation of his supervised release. The Court must protect

---

[2] Defendant does not seek relief under subsection (ii) of 18 U.S.C. § 3582(c)(1)(A), nor is such relief available to him, as he is neither 70 years old nor has served at least 30 years in prison.

the public from the possible danger of Defendant's continued narcotics behaviors when deciding whether to reduce the sentencing, thereby promoting specific deterrence. Thus, Defendant's release is not warranted under the relevant § 3553(a) factors and his potential danger to the public.

For the foregoing reasons, Defendant has failed to demonstrate that he should be granted compassionate release, and therefore, his Motion for Compassionate Release and Reduction of Sentence (Doc. Nos. 454) is DENIED.

### III. DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL

With respect to the Motion to Appoint Counsel, criminal defendants do not have a right to counsel beyond their first appeal. E.g., United States v. Kenny, No. 3:01-cr-00185-FDW, 2020 WL 2094116, at *1 (W.D.N.C. Apr. 30, 2020); United States v. Ismel, No. 3:94-CR-00008-1, 2012 WL 113392, at *1 (W.D. Va. Jan. 13, 2012). Defendant has not shown extraordinary circumstances warranting the appointment of counsel at this time. The Motion (Doc. No. 459) is therefore DENIED.

### IV. DEFENDANT'S MOTION TO SUPPLEMENT

Defendant's Motion to Supplement (Doc. No. 462) is GRANTED and has been fully considered by the court prior to issuing this order.

### V. CONCLUSION

Defendant's Motion for Compassionate Release (Doc. No. 454) is DENIED, Defendant's Motion for Appointment of Counsel is DENIED (Doc. No. 459), and Defendant's Motion to Supplement (Doc. No. 462) is GRANTED.

IT IS SO ORDERED.

Signed: September 8, 2020

Frank D. Whitney
United States District Judge

SEALED DOCUMENT with access to All Parties/Defendants.