UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:07-cr-00079-FDW

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| RUBEN ORTIZ BARRAZA, | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on Defendant's *pro se* "Motion Requesting Consideration," (Doc. No. 469). Defendant asks this Court to reconsider its order, (Doc. No. 465), which denied his *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). In the instant motion, Defendant argues the Court was required to conduct a hearing on his prior motion in order to ensure fundamental fairness and due process. For the reasons that follow, Defendant's Motion is DENIED.

The plain language of Federal Rule of Criminal Procedure 43, which refers to the entirety of 18 U.S.C. § 3582(c), governs the instant motion. Fed. R. Crim. P. 43(b) explicitly provides, "A defendant *need not be present* under any of the following circumstances: . . . (4) Sentence Correction. The proceeding involves the correction or *reduction of sentence under* Rule 35 or *18 U.S.C. § 3582(c)*." (Emphasis added). In different subparts, 18 U.S.C. § 3582(c) sets forth the limited circumstances where Congress has authorized courts to modify a final sentence: (1) Section 3582(c)(1)(A) permits a reduction in the term of imprisonment if a defendant exhausts administrative remedies and the court, after considering the applicable § 3553(a) factors, finds extraordinary and compelling reasons warrant a reduction; (2) Section 3582(c)(1)(B) permits a

1

modification to an imposed term of imprisonment to the extent expressly permitted by statute or Fed. R. Crim. P. 35; and (3) Section 3582(c)(2) permits a reduction in the term of imprisonment if the Sentencing Commission subsequently lowers a sentencing range, and after considering the applicable § 3553(a) factors, the court finds the reduction is consistent with applicable Sentencing Commission policy statements. 18 U.S.C. § 3582(c)(1)-(2). By its clear terms, Rule 43(b)(4) provides that a defendant need not be present for any of these types of sentence reduction proceedings.

Supreme Court and Fourth Circuit guidance support this conclusion. "Federal Rule of Criminal Procedure 43 requires that a defendant be present at 'sentencing,' see Rule 43(a)(3), but it excludes from that requirement proceedings that 'involv[e] the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c),' Rule 43(b)(4)." Dillon v. United States, 560 U.S. 817, 825-828 (2010). The Fourth Circuit has recognized a defendant need not be present when considering sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(B). United States v. Collington, 995 F.3d 347, 360 (4th Cir. 2021) (noting "procedural reasonableness in this context [of a First Step Act motion pursuant to § 3582(c)(1)(B)] would not require the district court to hold a resentencing hearing"). Although Collington concerned a different subsection of § 3582(c) than Defendant's motion made here pursuant to § 3582(c)(1)(A), Dillon and the express terms of Rule 43(b)'s reference to "18 U.S.C. § 3582(c)" in its entirety and without limitation to subsection necessarily means a defendant is not required to be present for sentence reduction proceedings conducted pursuant to § 3582(c)(1)(A), § 3582(c)(1)(B), or § 3582(c)(2).

Therefore, under the explicit terms of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3582(c) and in accordance with Supreme Court and Fourth Circuit precedent applying

the same, the Court is not required to conduct—and Defendant is not entitled to attend—a hearing on his motion for a reduction in sentence made pursuant to 18 § 3582(c)(1)(A). Defendant has failed to point to any authority to conclude otherwise.

Defendant's generic due process arguments and his assertion that consideration of the § 3553(a) factors "can only be determined thru [sic] a hearing" are likewise without merit. Defendant took advantage of multiple opportunities to be heard and provide the Court with arguments and evidence to support his motion for sentence reduction. Indeed, the docket reflects Defendant filed his original motion (Doc. No. 454), a reply brief (Doc. No. 460), *and* a supplemental brief (Doc. No. 462), which—although not typically permitted under the Local Rules—the Court allowed and considered as part of its ruling (Doc. No. 465). Defendant's pleadings, filed *pro se*, addressed his position that extraordinary and compelling reasons, applicable § 3553(a) factors, and post-sentencing conduct warranted a reduction in his sentence. In addition to the more than forty pages of argument and exhibits provided by Defendant, the Government's response in opposition contained arguments and evidence to support their position. The Court had a full record on which to evaluate and deny Defendant's motion.

IT IS THEREFORE ORDERED that Defendant's "Motion Requesting Reconsideration," (Doc. No. 469), is DENIED.

IT IS SO ORDERED.

Signed: October 13, 2021

Frank D. Whitney
United States District Judge